# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VERNON W. HILL, II, SHIRLEY HILL AND INTERARCH, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>COMMERCE BANCORP, LLC AND TD BANK, N.A.,<br><br>Defendants. | Case No. 1:09-CV-03685(RBK-JS) |

## CONFIDENTIALITY ORDER REGARDING FDIC DOCUMENTS

**WHEREAS**, on March 12, 2013 Plaintiff Vernon W. Hill, II ("Plaintiff") requested the production of documents ("Request") relating to communications between the Office of the Comptroller of the Currency ("OCC"); the Board of Governors of the Federal Reserve System (the "FRB"); and the Federal Deposit Insurance Corporation (the "FDIC") and Defendant; and

**WHEREAS**, the Defendant Commerce Bancorp, LLC ("Defendant") by letter, dated March 25, 2013, provided the OCC, FRB and FDIC with a document log and a copy of documents responsive to Plaintiff's Request, (hereinafter, the "Documents"); and

**WHEREAS**, the FDIC by letter, dated April 3, 2013, (the "FDIC Letter") advised Defendant that such Documents are deemed by the FDIC to be records that are exempt records, pursuant to 12 C.F.R. § 309.5(g)(8); and are therefore subject to the restrictions on disclosure set forth in 12 C.F.R. § 309.6; and

**WHEREAS**, the FDIC further advised Defendant that the FDIC had no objection to the production of the Documents provided that an appropriate confidentiality order pursuant to 12 C.F.R. § 309.6(b)(10) is entered for certain documents designated by the FDIC ("FDIC Documents"); and

**WHEREAS**, it is the desire of the Defendant and Plaintiff to protect and maintain the

19179412

confidential information contained in the FDIC Documents; and

**WHEREAS**, the Court on October 19, 2009 entered a Discovery Confidentiality Order (the "Discovery Order"); and

**WHEREAS**, the Defendant and Plaintiff have agreed to the entry of this Confidentiality Order Regarding FDIC Documents (the "FDIC Confidentiality Order"), it is ORDERED as follows:

1. The Defendant and Plaintiff (collectively, the "Parties") shall as to the Documents abide by the terms of the Discovery Order in addition to the terms of this FDIC Confidentiality Order.

2. The Documents shall be marked with the foregoing legend: "CONFIDENTIAL FDIC PRIVILEGED" (hereinafter "FDIC Privileged").

3. The FDIC Documents shall be disclosed only to the Parties, their counsel, their experts, the court, the jury, and any trial witness who is questioned about the content of any FDIC Documents.

4. ~~Any Party offering any of the FDIC Documents into evidence at trial shall first file a motion to seal that portion of the judicial proceedings that complies with L. Civ. R. 5.3.~~ *This Order does not address the use of the Documents at trial. That issue shall be addressed with the trial judge.*

5. The Parties to this action and their counsel shall keep such FDIC Documents and any information in such FDIC Documents confidential and shall in no way divulge the same to any person or entity, except such experts, consultants and non-party witnesses to whom the FDIC Documents and their contents shall be disclosed solely for the purpose of properly preparing for and trying the action.

6. No person to whom the FDIC Documents or the information therein are disclosed shall make any copies of, or otherwise use such FDIC Documents or the information therein for any purpose whatsoever, except in connection with this action.

7. The Parties or other person who wishes to use the FDIC Documents or the information therein for any purpose whatsoever except in connection with this action shall make

a separate application to the FDIC pursuant to 12 C.F.R. § 309.6.

8.  If parties intend to file documents subject to this Order with the Court, they shall file a motion to seal that complies with L. Civ. R. 5.3.

9.  At the conclusion of this action, the Parties shall certify to the FDIC that the FDIC Documents which are the subject of this FDIC Confidentiality Order have been destroyed. Furthermore, counsel for Defendant shall retrieve any records covered by this FDIC Order that may have been filed with the Court. The request of records from the Court shall be made by formal motion.

10. This Order does not excuse any party from complying with any applicable Federal and Local Rule of Civil Procedure.

IT IS SO ORDERED.

Dated: April 19, 2013

_____
Joel Schneider
United States Magistrate Judge

IT IS SO STIPULATED:

                                          BROWN & CONNERY, LLP
                                          Attorneys for Defendant Commerce Bancorp, LLC
                                          360 Haddon Avenue - P.O. Box 539
                                          Westmont, New Jersey 08108
                                          (856) 854-8900
                                          (856) 858-4967
                                          Emails: sleming@brownconnery.com

Dated: 4/17/13            By:      *[signature]*
                                       William M. Tambussi, Esquire
                                       Susan M. Leming, Esquire

1917941.2

IT IS SO STIPULATED:

                                                  JACOBS & BARBONE, P.A.
                                                  Attorneys for Plaintiff Vernon W. Hill, II
                                                  1125 Pacific Avenue
                                                  Atlantic City, New Jersey 08401
                                                  Telephone: (609) 348-1125
                                                  Facsimile: (609) 348-3774
                                                  Email: jacobs&barbone@comcast.net

Dated:                                      By: _____
                                                             Louis M. Barbone, Esquire

1917941.2