[Doc. No. 410]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| VERNON W. HILL, II, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COMMERCE BANCORP, INC., et al., <br><br> Defendants. | Civil No. 09-3685 (RBK/JS) |

**MEMORANDUM OPINION AND ORDER**

The primary issue before the Court is whether to grant plaintiff leave to amend the Joint Final Pretrial Order ("JFPTO"). Plaintiff recently filed his "Motion to Amend the Joint Final Pre-Trial Order and to Compel Discovery" [Doc. No. 410]. The Court received defendant's response [Doc. No. 419] and plaintiff's reply [Doc. No. 425], and held oral argument on April 17, 2013. For the reasons to be discussed plaintiff's motion is GRANTED in part and DENIED in part.[1]

Background

The Court has previously addressed numerous discovery and case management issues wherein it set forth in detail the fact and procedural background of the case. There is no need to set forth

---

[1]For ease of reference the Court will use the shorthand TD Bank and Commerce Bank. TD and Commerce will be collectively referred to as "defendant" or the "Bank". The corporate structure of the Bank is not determinative with regard to the present dispute.

the same history in detail since it is already well known to the parties. Only the salient background will be set forth herein.

Plaintiff Vernon Hill's complaint was filed on July 27, 2009. Plaintiff formerly ran defendant's bank but was terminated effective in June/July 2007. The primary dispute concerns plaintiff's contention that defendant TD Bank, and its predecessor Commerce Bank, did not pay him contractual severance payments, interest and fees due under his employment agreement totaling in excess of $20 million. The focus of the Bank's defense is its contention that it was "impossible" to pay plaintiff because of applicable "golden parachute" federal regulations. Defendant contends that before it could pay plaintiff it needed regulatory approval and in order to obtain the approval it had to provide a certification pursuant to 12 C.F.R. §359.4. Defendant argues it could not provide the required certification because it could not certify in good faith that "it is not in possession or not aware of any information, evidence or documents which would indicate that there is a reasonable basis to believe that Mr. Hill has not engaged in the conduct set forth in 12 C.F.R. §359.4(a)(4)(i)-(iv)." See April 23, 2012 Letter from Edward Pollock to Counsel for the Board of Governors of the Federal Reserve System, Exhibit E to Declaration of Louis M. Barbone, Esquire, at 2, Doc. No. 410. Hill disputes the Bank's contention and argues, inter alia, that the Bank did not make required timely attempts to seek regulatory approval, and/or its attempts to seek approval were feeble.

2

The JFPTO was entered on March 8, 2013. [Doc. No. 408]. Trial is scheduled to begin on April 29, 2013. Back on July 11, 2012, the Court overruled plaintiff's "late notice" objections to witnesses the Bank designated in the draft JFPTO.[2] [Doc. No. 346]. However, the Court granted plaintiff leave to depose the witness. On February 28, 2013, the Court Ordered the depositions to be completed before April 18, 2013. Plaintiff took Ed Pollock's deposition (Head of Regulatory Relationships and Governmental Affairs at TD Bank, N.A.) on March 8, 2013. On April 23, 2013, Pollock signed a letter to the Federal Reserve stating why the Bank could not make the certification necessary for regulatory approval pursuant to 12 C.F.R. §359.4. Plaintiff contends he learned information at Pollock's deposition that he did not previously know. Plaintiff contends Pollock's letter is a sham and he now wants leave to amend the JFPTO to name new "documents and witnesses to challenge [Pollock's] ... testimony ...." Brief at 6. Plaintiff also wants to name new witnesses because their testimony allegedly contradicts defendant's Fed. R. Civ. P. 30(b)(6) witness, who testified Commerce did not make a determination under 12 C.F.R. §359.4. Plaintiff claims he only learned at recent depositions defendant's basis for claiming plaintiff's action had a material

---

[2]The witnesses included former members of the Board and/or Officers of Commerce Bank–George Norcross, III (deposed on April 17, 2013), Donald T. DiFrancesco, John K. Lloyd (March 22, 2013), Joseph Vassalluzzo (April 12, 2013), Douglas Pauls (March 29, 2013) and Edward B. Pollock (March 8, 2013). Hill's appeal of the July 11, 2012 Order was denied on February 15, 2013. [Doc. No. 399].

adverse effect on the Bank. Reply Brief at 1. Specifically, plaintiff wants to name three (3) new witnesses: Ed Clark (TD Bank Financial Group's President and CEO), Bharat Masrani (TD Bank North's President and CEO) and Bob Falese (Former Commerce President and CEO). Plaintiff also wants to add three (3) new exhibits: (1) Commerce's 14A Proxy Statements filed with the SEC for 2005, 2006 and 2007; (2) a transcript and audio file of defendant's conference call with the press and investors on October 2, 2007 to announce TD's acquisition of Commerce, and (3) promotional power point graphs and slides created by Commerce detailing its growth and profitability that were included in its annual reports.

Starting with the proposed new exhibits, plaintiff's Brief alleges they are necessary because "they directly touch upon, explain and contradict Mr. Pollock's and the former directors' testimony, which is ongoing." Brief at 9. Plaintiff argues, "new pieces of evidence and witnesses must be used by plaintiffs to confront, explain and rebut defendant's late evidence." Brief at 6. Plaintiff wants to show that defendant's Rule 30(b)(6) witness testified on March 24, 2011 that the Bank did not seek regulatory approvals even though its Board approved a motion on November 20, 2007 authorizing a request be made to the Federal Reserve Board and the FDIC "for further authorization to make the payments." Plaintiff also wants to show that although the Bank claims it cannot give the required certification, the 30(b)(6) witness

4

testified the Bank never decided if plaintiff committed any offending act.  And, that defendant allegedly misrepresented that it applied for regulatory approval before April 2012 when it had not.  Plaintiff also alleges the exhibits "directly contradict[] Mr. Pollock's and the former directors' claims of 'material adverse effect' per 12 C.F.R. 359.4."  Id.  Plaintiff argues "there was no reason to use the October 2, 2007 TD transcript because these depositions [former directors] are the first time defendants reveal what they rely upon to support their belated allegation of material adverse effect."  Reply Brief at 1.  As to the proposed new witnesses, plaintiff wants to name them because their statements in the October 2, 2007 conference call allegedly "directly contradict defendants' present claim that, inter alia, plaintiff's actions caused an adverse material effect on the bank."  Brief at 10.  As will be discussed herein, plaintiff clarified his arguments at oral argument.

The essence of defendant's opposition is that "[t]he recent depositions have revealed no new facts or legal theories that could justify Plaintiff's addition of new exhibits and witnesses at this late date."  Brief at 2.  Defendant argues the new proposed evidence has been known since the outset of the litigation. Defendant also argues that plaintiff's prior request to take the depositions of Clark and Masrani were denied.  Id.  In addition, defendant argues the exhibits and proposed witness testimony are

testified the Bank never decided if plaintiff committed any offending act.  And, that defendant allegedly misrepresented that it applied for regulatory approval before April 2012 when it had not.  Plaintiff also alleges the exhibits "directly contradict[] Mr. Pollock's and the former directors' claims of 'material adverse effect' per 12 C.F.R. 359.4."  Id.  Plaintiff argues "there was no reason to use the October 2, 2007 TD transcript because these depositions [former directors] are the first time defendants reveal what they rely upon to support their belated allegation of material adverse effect."  Reply Brief at 1.  As to the proposed new witnesses, plaintiff wants to name them because their statements in the October 2, 2007 conference call allegedly "directly contradict defendants' present claim that, inter alia, plaintiff's actions caused an adverse material effect on the bank."  Brief at 10.  As will be discussed herein, plaintiff clarified his arguments at oral argument.

The essence of defendant's opposition is that "[t]he recent depositions have revealed no new facts or legal theories that could justify Plaintiff's addition of new exhibits and witnesses at this late date."  Brief at 2.  Defendant argues the new proposed evidence has been known since the outset of the litigation. Defendant also argues that plaintiff's prior request to take the depositions of Clark and Masrani were denied.  Id.  In addition, defendant argues the exhibits and proposed witness testimony are

irrelevant and inadmissible.[3]

Discussion

A motion to amend the final pretrial order is governed by Fed. R. Civ. P. 16(e) which provides that a JFPTO may only be modified to prevent "manifest injustice." The burden is on the moving party to demonstrate that a refusal to amend the order will result in manifest injustice. <u>Quay Corporation v. Micro Technology of Iowa Co.</u>, Civ. No. 87-108 (CSF), 1989 WL 135577, at *4 (D.N.J. 1989). This burden is stringent. <u>Lentz v. Mason</u>, 32 F. Supp. 2d 733, 738 (D.N.J. 1999)(citation omitted). Whether to permit the amendment is "entirely within the discretionary power of the trial court. <u>Analytical Measurements, Inc. v. The Keuffel & Essex Company</u>, 843 F. Supp. 920, 926 n.4 (D.N.J. 1993). Several courts have noted that a precise definition of the term manifest injustice is elusive. <u>Reed v. Binder</u>, 165 F.R.D. 424, 427 (D.N.J. 1996). However, in <u>Scopia Mortg. Corp. v. Greentree Mortg., Co., L.P.</u>, 184 F.R.D. 526, 528 (D.N.J. 1998), the Court identified the following

---

[3]To the extent defendant argues plaintiff's application is late, the argument is rejected. The genesis of plaintiff's motion is that defendant named as trial witnesses individuals whose depositions it successfully quashed in February 2011. <u>See</u> February 15, 2011 Order, Doc. No. 170. This Court has noted that if it knew in February 2011 that the former directors would testify at trial, "there is a 100% probability it would have permitted the requested depositions to go forward." July 11, 2012 Order at 2-3, Doc. No. 346. The recent depositions are also not late because they were taken in accordance with the deadlines in the Court's February 28, 2013 Order. [Doc. No. 405]. Albeit, plaintiff had an ample opportunity to take the depositions before March/April 2013. Defendant should not be faulted because plaintiff's counsel was distracted by their trial schedules.

6

factors to consider: (1) prejudice or surprise in fact to the nonmoving party; (2) ability of that party to cure the prejudice; (3) extent to which waiver of the rule would disrupt the orderly and efficient trial of the case; (4) bad faith or willfulness on the part of the movant; (5) the importance of the evidence, and; (6) whether the decision to amend to include new evidence is a matter of new strategy or tactic.

Plaintiff explained at oral argument that he wants to use the proxy statements to address the former directors' recent testimony that plaintiff's real estate transactions had a material adverse effect on the Bank.  The transcript and audio file from October 2007 will be used to address the recent testimony that plaintiff's actions had a material adverse effect on the Bank.  The new graphs and slides will be used for the same purpose.

The Court finds that manifest injustice will result if plaintiff is not permitted to use the new exhibits at trial.  The Court is mindful that plaintiff only recently took the depositions of several former Bank directors even though it first attempted to take them in 2011.  The Court accepts plaintiff's representation that the significance of the new exhibits did not crystalize until the depositions were taken.  The Court also accepts plaintiff's counsel's representation that he only recently learned about the October 2, 2007 transcript when he was preparing for the directors' depositions.  Plaintiff should not be penalized because it was not known until relatively recently that defendant intended to call as

trial witnesses persons whose depositions it successfully quashed in 2011. The Court does not dispute defendant's contention that it was feasible for plaintiff to obtain and list the exhibits at issue before the JFPTO was entered. However, the mere availability of the exhibits is not determinative. Trial lawyer's strategies are fluid and plaintiff's thinking undoubtedly was impacted by the information learned at the recent depositions of the Bank's former directors. Notably, defendant has not argued that it is prejudiced by plaintiff's amendment. Nor will the exhibits result in additional discovery, lengthen the trial or delay the scheduled start of the trial.[4]

Plaintiff's request to name Clark, Masrani and Falese as trial witnesses is denied. Plaintiff intends to cross-examine these witnesses to show the statements they made during the October 2, 2007 conference call are inconsistent with the Bank's contention or belief that plaintiff's actions had or will have a material adverse effect on the Bank. However, since the Court is granting plaintiff leave to amend the JFPTO to use at trial the transcript and recording of the call, it is not necessary for the witnesses to testify live.[5] Plaintiff's counsel conceded this point at oral argument. There is no manifest injustice to plaintiff by denying

---

[4]This Court will not address defendant's relevance and admissibility arguments. Those issues will be decided by the trial judge.

[5]This Court is not ruling on the admissibility of the evidence.

8

leave to call Clark, Masrani and Falese as trial witnesses since there is an adequate substitute to their live testimony.

Plaintiff also asks for an Order compelling defendant to produce documents identified in its March 12, 2013 letter. <u>See</u> Doc. No. 411-4 at 30. The first seven requests relate to Pollock's April 23, 2012 letter to lawyers for the Board of Governors of the Federal Reserve System. <u>See</u> Decl. of L. Barbone, Exhibit E. Defendant represents that it "will make efforts to produce, subject to approval of the respective regulators, and responsive non-privileged documents, or identify specific objections to their production that may exist as expeditiously as reasonable." Brief at 3. Defendant objects to plaintiff's eighth request asking for an audio recording of the October 2, 2007 conference call regarding the acquisition of Commerce Bancorp, Inc. Plaintiff's document requests were addressed at oral argument. Defendant's representations are incorporated into the Court's Order.

<u>Conclusion</u>

Accordingly, for all the foregoing reasons,

IT IS HEREBY ORDERED this 19th day of April, 2013, that plaintiff's Motion to Amend the Joint Final Pre-trial Order and to Compel Discovery is GRANTED in part and DENIED in part; and

IT IS FURTHER ORDERED that the JFPTO is amended to include on plaintiff's Trial Exhibit List: (1) Commerce's 14A Proxy Statements filed with the SEC for 2005, 2006 and 2007; (2) a transcript and audio file of defendant's conference call with the press and

9

investors on October 2, 2007 to announce TD's acquisition of Commerce, and (3) promotional power point graphs and slides created by Commerce detailing its growth and profitability that were included in its annual reports (only those attached to plaintiff's motion); and

IT IS FURTHER ORDERED that plaintiff's request to amend the JFPTO to name as trial witnesses Ed Clark, Bharat Masrani and Bob Falese is DENIED; and

IT IS FURTHER ORDERED that plaintiff's request to compel discovery is GRANTED.  By April 19, 2013, defendant shall respond to document requests 1-2 in plaintiff's March 12, 2013 letter (Decl. of L. Barbone, Exhibit E).  By April 23, 2013, defendant shall respond to document reports 3-8 in the letter.  This Order is entered without prejudice to defendant's right to assert its objections to plaintiff's document requests; and

IT IS FURTHER ORDERED that by April 23, 2013, defendant shall serve its objections (if any) to the trial exhibits and documents identified in this Order.

                                                s/Joel Schneider
                                                JOEL SCHNEIDER
                                                United States Magistrate Judge