## JACOBS & BARBONE, P.A.

EDWIN J. JACOBS, JR.
LOUIS M. BARBONE
ARTHUR J. MURRAY

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1125 PACIFIC AVENUE
ATLANTIC CITY, NEW JERSEY 08401
PHONE: (609) 348-1125
FAX: (609) 348-3774
E-MAIL: JACOBSBARBONE@COMCAST.NET

ERIC H. LUBIN
LUCILLE A. BONGIOVANNI
MICHAEL F. MYERS
YOONIEH AHN

May 20, 2013

Honorable Robert B. Kugler, U.S.D.J.
United States District Court
Mitchell H. Cohen US Courthouse
One John F. Gerry Plaza
Camden, New Jersey 08101

      RE:    Vernon W. Hill, II, et al. v. Commerce
               Civil Action No. 1:09-cv-03685 (RBK-JS)
               Our File No. 11,667

Dear Judge Kugler:

     With regard to the revised jury instructions transmitted by the Court on Friday, May 17, 2013, plaintiff submits that the following needs to be corrected:

     (1)    On page 13, paragraphs (4)(i) and (ii), "Commerce Bancorp" appears three times. In each instance, it should say either "the bank" or "Commerce Bank".

     (2)    On page 16, the very last sentence before Part C, Final Instructions, the "June 28, 2007 Consent Order", should be changed to "the November 18, 2008 Consent Order".

     Plaintiff also requests that the Court consider giving the following limiting instruction with regard to statements allegedly made by government regulators for a purpose other than the truth:

     Ladies & Gentlemen, in the course of trial you heard various witnesses refer to statements allegedly made by other individuals outside the courtroom. Generally this occurred when a particular witness testified with regard to statements made or information received from government regulators. As a general rule, statements made by those that do not appear and testify in the courtroom at the time of trial are considered to be hearsay and are usually inadmissible in the course of trial. Where however the purpose for introducing such a statement is not to prove the truth of

the matter asserted in the statement, but instead for the purpose of notice to the person testifying in the courtroom or to put in context why or what a testifying witness did as a result of receiving such information, that statement is admissible for the purpose asserted. In other words, you are not to accept as true, information you heard a testifying witness repeat from a third party as proof of that information, or proof of the fact asserted. Instead, the purpose of the evidence is limited only to explain and put in context why the witness did, thought, or acted in the way he did.

                Respectfully yours,

                Jacobs & Barbone, P.A.

                /s/ Louis M. Barbone

LMB/tah
cc:    William R. Tambussi, Esquire
       Mr. Vernon W. Hill, II
       Alexandr Davis, Esquire (via email at Alexander.Davis@njd.uscourts.gov)