# JACOBS & BARBONE, P.A.

A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

ERIC H. LUBIN

MICHAEL F. MYERS

YOONIEH AHN

EDWIN J. JACOBS, JR.

LOUIS M. BARBONE

ARTHUR J. MURRAY

1125 PACIFIC AVENUE
ATLANTIC CITY, NEW JERSEY 08401
PHONE: (609) 348-1125
FAX: (609) 348-3774
E-MAIL: JACOBSBARBONE@COMCAST.NET

May 20, 2013

Honorable Robert B. Kugler, U.S.D.J.
United States District Court
Mitchell H. Cohen US Courthouse
One John F. Gerry Plaza
Camden, New Jersey 08101

RE:   Vernon W. Hill, II, et al. v. Commerce
      Civil Action No. 1:09-cv-03685 (RBK-JS)
      Our File No. 11,667

Dear Judge Kugler:

This is in response to defendants' letter of today objecting to the Court's instruction on legal impossibility, specifically that cited in the letter of counsel from page thirteen of the Court's instruction.

The Court's instruction in no way "goes beyond the four factors identified in the New Jersey Model Jury Charge". (Defendants' letter, May 20, 2013, page 2). The inserted language instead clarifies element #4 in plain and clear terms. Defendants' obligation includes proof that performance was impossible because "beyond the defendant's control and was not the defendants' fault". That element requires in the circumstances of this case, that the defendants prove that it "observed the duty of good faith and fair dealing imposed by §205 in attempting, where appropriate, to avoid its application. Directions, Inc. v. New Prince Concrete Construction Co., 200 N.J. Super. 639, 644 (App. Div. 1985).

Defendants had a contractual obligation to perform its contract. It could only perform that contract by filing a golden parachute application. Merely claiming that it "can't" is the essence of the jury's factual determination. The duty imposed by law in addressing a defense of impossibility requires that a defendant take whatever reasonable steps are available to negate the impossibility. Plaintiff argues that the application could have and should have been filed based upon defendant's state of knowledge contained in the trial record and given the direct testimony of those directors that not only resolved to have the application filed, but further expected and believed it was done. The Court's clarification of that obligation is therefore based on the testimony

of multiple witnesses and is precisely consistent with the jury's determination of whether the defendants were "able" to file the application. In a nutshell, the instruction is simply clarifying the fact that if defendants were "able" to file, their contractual obligation mandated that it be done.

As to plaintiff's request for *in limine* instruction, the Court overruled plaintiff's objections on hearsay statements about what federal regulators said or believed. Defendants' position was that the statements were not being introduced for the truth of the matter. There can be no jury confusion when the Court references those instances for the purpose of properly instructing the jury on the permitted use of that evidence. The issue is not what Mr. Hill "actually did", the purpose instead is to assure that the jury understands that such out of court statements are not deemed proof of the truth of the matter asserted.

As to defendants' request at the bottom of page twelve, the word "application" should not be removed. If it is, the sentence should read as follows: "The regulations specify that a written request for payment of golden parachute payments to plaintiff must be made. A written request is required pursuant to 12 C.F.R. §359.6 which provides:

> Requests to make excess non-discriminatory severance plan payment pursuant to §359.1(f)(2)(v) and golden parachute payments permitted by §359.4 shall be submitted in writing to the appropriate regional director . . .

Finally, the Court's paragraph #2 under *Nature of Claims* was correct as written and should not be modified. (Defendant Commerce Bancorp terminated plaintiff's employment "without cause".)

Respectfully submitted,

Jacobs & Barbone, P.A.

/s/ Louis M. Barbone

LMB/tah
cc:    William R. Tambussi, Esquire
       Mr. Vernon W. Hill, II